Marc I. Kunkin (MIK4182)
SCHINDEL, FARMAN, LIPSIUS
 GARNDER & RABINOVICH LLP
14 Penn Plaza, Suite 500
New York, NY 10122
(212) 563-1710
Attorneys for Defendants, J & J Logistics Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| NAVIGATORS MANAGEMENT COMPANY<br>a/s/a ACTIVE FRONTIER INTERNATIONAL, | : <br> : <br> : | Civil Action No.:<br>08 CIV 1966Judge Jones |
| Plaintiffs, | : <br> : | |
| -against- | : <br> : | **ANSWER** |
| EXPEDITORS INTERNATIONAL OF<br>WASHINGTON, INC. and J & J LOGISTICS<br>INC., | : <br> : <br> : <br> : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendant, J&J International Logistics Inc. s/h/a J&J Logistics Inc. ("J&J"), by its

attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP states, upon information and

belief, as and for its Answer to the Complaint as follows:

1.      Denies knowledge of information sufficient to form a belief as to the truth of each

and every allegation contained in paragraph 1 of the complaint.

2.      Denies knowledge of information sufficient to form a belief as to the truth of each

and every allegation contained in paragraph 2 of the complaint.

3.      Admits defendant J&J is a business entity and/or corporation existing under and

pursuant to the laws of the State of New Jersey with an office and place of business at 675 Dowd

Avenue, Elizabeth, New Jersey 07201, but except as so specifically admitted herein, denies

knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the complaint.

4.     Defendant refers all questions of law to the Court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the complaint.

5.     Denies each and every allegation contained in paragraph 5 of the complaint.

6.     Defendant refers all questions of law to the Court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the complaint.

7.     Defendant refers all questions of law to the Court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the complaint.

## COUNT I

8.     Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the complaint.

9.     Denies each and every allegation contained in paragraph 9 of the complaint.

10.     This allegation is misleading and inaccurate. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the complaint.

11.     This allegation is misleading and inaccurate. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the complaint.

12.    Admits container number KKFU1815768 was stolen but, except as so specifically admitted herein denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the complaint.

13.    Denies each and every allegation contained in paragraph 13 of the complaint.

14.    Denies each and every allegation contained in paragraph 14 of the complaint.

## COUNT II

15.    In response to paragraph 15 of the complaint, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 14 as if set forth herein at length.

16.    Denies each and every allegation contained in paragraph 16 of the complaint.

17.    Denies each and every allegation contained in paragraph 17 of the complaint.

18.    Denies each and every allegation contained in paragraph 18 of the complaint.

## COUNT III

19.    In response to paragraph 19 of the complaint, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 18 as if set forth herein at length.

20.    Denies each and every allegation contained in paragraph 20 of the complaint.

21.    Denies each and every allegation contained in paragraph 21 of the complaint.

22.    Denies each and every allegation contained in paragraph 22 of the complaint.

## GENERAL PROVISION

1.      Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to state a cause of action against J&J.

## SECOND AFFIRMATIVE DEFENSE

3.      The Property that is the subject matter of plaintiff's complaint was accepted by J&J in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. J&J duly performed the terms and conditions on its part to be performed. J&J claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the Cargo was transported, stored and/or handled.

## THIRD AFFIRMATIVE DEFENSE

4.      The liability of J&J, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

## FOURTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claim against J&J is untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

4

## FIFTH AFFIRMATIVE DEFENSE

6.    The loss and/or damage to the Cargo was caused by the intervening acts of plaintiff and/or third person(s) which could not be prevented by J&J through the exercise of reasonable care.

## SIXTH AFFIRMATIVE DEFENSE

7.    This Court lacks jurisdiction over the person of J&J.

## SEVENTH AFFIRMATIVE DEFENSE

8.    To the extent that plaintiff seeks recovery for special damages, J&J is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

9.    In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

## NINTH AFFIRMATIVE DEFENSE

10.    Upon information and belief, plaintiff has failed to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

11.    The loss at issue was caused by an act or default of the shipper or its agent.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    J&J's liability, if any, herein is governed by the Interstate Commerce Commission Termination Act of 1995 (ICCTA), including the Carmack Amendment, and all state law claims are completely preempted by federal law.

## TWELETH AFFIRMATIVE DEFENSE

13.     The damages alleged in the Complaint were caused by a pre-existing condition and/or other causes or conditions beyond the control of J&J and for which causes or conditions J&J has no liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

14.     J&J hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendant J&J International Logistics Inc. s/h/a J&J Logistics, Inc., demands judgment dismissing the complaint together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: April 22, 2008
      New York, New York

                          SCHINDEL, FARMAN, LIPSIUS,
                          GARDNER & RABINOVICH, LLP
                          Attorneys for Defendants, J & J Logistics Inc.

                    By: _____
                          Marc I. Kunkin (MK4182)
                    14 Penn Plaza, Suite 500
                    New York, New York 10122
                    (212) 563-1710
                    Our File: 2772.0044

TO:
      Lawrence C. Glynn
      Nicoletti Hornig & Sweeney
      Wall Street Plaza
      88 Pine Street
      New York, NY 10005
      NH&S File No.: 68000291LCG

AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

I, Latoya Peterson, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On April 22, 2008, I served the within Answer and Rule 7.1 Statement upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:
Lawrence C. Glynn
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
New York, NY 10005


_____
Latoya Peterson

Sworn to before me this
22nd day of April, 2008


_____
Notary Public

EDWARD FARMAN
Notary Public, State of New York
No. 02FA4789055
Qualified in Nassau County
Commission Expires Oct. 31, 2009