JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Defendant
Expeditors International of Washington, Inc.
106 3rd Street
Mineola, New York  11501
(516) 877-2225
Our Ref. : 08-T-005-JK.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

NAVIGATORS MANAGEMENT COMPANY a/s/o
ACTIVE FRONTIER INTERNATIONAL,                          08 Civ. 1966 (BAJ)(GWG)

                                    Plaintiff,          **ANSWER OF EXPEDITORS INT'L**
                                                        **OF WASHINGTON, INC.**
            - against -                                 **WITH CROSS-CLAIM**
                                                        **AGAINST J&J LOGISTICS, INC.**
EXPEDITORS INTERNATIONAL OF WASHINGTON,
INC. and J&J LOGISTICS, INC.,

                                    Defendants.

------------------------------------------------------------------x

Defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. ("Expeditors"), by their attorneys, Badiak,& Will, LLP, as and for their Answer with Cross-Claim to the Complaint filed herein, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegationss set forth in paragraph "1." of plaintiff's complaint.

2. Admits the allegations set forth in paragraph "2." of plaintiff's complaint.

3. Admits the allegations in paragraph "3." of plaintiff's complaint.

4. Defendant Expeditors refers all questions of law to the Court. To the extent a further response is required, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4." of plaintiff's complaint.

5. Denies the allegations in paragraph "5." of plaintiff's complaint.

6. Defendant Expeditors refers all questions of law to the Court. To the extent a further response is required, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6." of plaintiff's complaint.

7. Defendant Expeditors refers all questions of law to the Court. To the extent a further response is required, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7." of plaintiff's complaint.

## COUNT I

8. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8." of plaintiff's complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9." of plaintiff's complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10." of plaintiff's complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11." of plaintiff's complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12." of plaintiff's complaint.

13. Denies each and every allegation contained in paragraph "13." of plaintiff's complaint.

14. Denies each and every allegation contained in paragraph "13." of plaintiff's complaint.

## COUNT II

15. Defendant Expeditors repeats and re-alleges each and every answer contained in paragraphs "1." through "14." as if set forth at length herein in response to the allegations contained in paragraph "15." of plaintiff's complaint.

16. Denies each and every allegation contained in paragraph "16." of plaintiff's complaint.

17. Denies each and every allegation contained in paragraph "17." of plaintiff's complaint.

18. Denies each and every allegation contained in paragraph "18." of plaintiff's complaint.

## COUNT III

19. Defendant Expeditors repeats and re-alleges each and every answer contained in paragraphs "1." through "18." as if set forth at length herein in response to the allegations contained in paragraph "19." of plaintiff's complaint.

20. Denies each and every allegation contained in paragraph "20." of plaintiff's complaint.

21. Denies each and every allegation contained in paragraph "21." of plaintiff's complaint.

22. Denies each and every allegation contained in paragraph "22." of plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

23. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

## SECOND AFFIRMATIVE DEFENSE

24. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss or delay was caused by parties over which the answering defendant had no control.

## THIRD AFFIRMATIVE DEFENSE

25. Defendant Expeditors was at all material times acting pursuant to a bill of lading issued by Defendant Expeditors issued for and covering the shipment described by plaintiff in the Complaint, and Defendant Expeditors duly performed the terms and conditions on its part to be performed under the aforementioned bill of lading or other contracts, tariffs and/or applicable regulations, statutes or treaties which bar recovery against the Defendant for the matters alleged in plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

26. Defendant Expeditor's liability, if any, is limited in accordance with the terms and conditions of a bill of lading and/or other contracts, tariffs and/or applicable regulations, statutes or treaties.

## FIFTH AFFIRMATIVE DEFENSE

27. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

## SIXTH AFFIRMATIVE DEFENSE

28. To the extent that plaintiff failed to file suit within the time period pre-scribed, this lawsuit is time barred.

## SEVENTH AFFIRMATIVE DEFENSE

29. The applicable bill of lading and/or other contracts, tariffs and/or applicable regulations, statutes and treaties do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, the answering defendant is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

30. Plaintiff failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

31. The alleged damage did not occur while the shipment was in the custody or control of the Defendant.

## TENTH AFFIRMATIVE DEFENSE

32. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents or other parties over which this Defendant had no control and for whose negligence the Defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

33. The complaint fails to state a cause of action for which relief can be granted against this Defendant.

## AS AND FOR IT'S CROSSCLAIM AGAINST DEFENDANT J&J LOGISITICS

34. Defendant, EXPEDITORS, is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the states of the United States with an office and place of business at 1015 Third Avenue. S., Seattle, Washington 98104.

35. On or about June 8, 2007, Defendant, EXPEDITORS, and Defendant, J&J LOGISTICS, INC. ("J&J"), entered into a "Vendor Services Agreement" under the terms of which J&J agreed to provide services set forth in the aforementioned agreement, including but not limited to receiving, storing and delivering containers of cargo arriving into the Port of New York under Expeditor's bills of lading.

36. Plaintiff alleges in the complaint file herein that Defendant Expeditors breached a contract of carriage in which it alleges Expeditors agreed to transport a shipment of 914 cartons of cargo contained in an ocean shipping container numbered KKFU 181576-8 from

Hungyen Province, Vietnam, to Newark, New Jersey under Expeditors' bill of lading numbered 61732693 dated June 22, 2007.

37. Plaintiff further alleges that container KKFU 181576-8 was lost or stolen while in the care, custody and control of Defendant J&J between August 7-8, 2007.

38. If the cargo suffered any loss or damage as alleged in Plaintiff's complaint, which is denied by Defendant Expeditors, than such damage and/or loss was caused in whole or in part by the acts, omissions, fault, neglect, breach of contract, breach of warranty, express or implied, and/or violation of laws on the part of co-Defendant J&J, and without fault on the part of Defendant Expeditors contributing thereto.

39. Pursuant to the aforementioned Vendor Services Agreement, co-Defendant J&J agreed to indemnify and hold Expeditors harmless against all claims which may arise in relation to the Services provided under the terms of said agreement by J&J, including property damage or loss.

40. If plaintiff recovers a judgment against Expeditors, then Expeditors will be entitled to indemnification and co-Defendant J&J will be required to reimburse Expeditors for the amount of any judgment as well as all expenses, including attorney's fees, incurred in the defense of this action.

WHEREFORE, Defendant, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., demands judgment against Plaintiff dismissing the Complaint in its entirety or, alternatively, for a judgment for indemnity against co-defendant J&J LOGISTICS, INC., together with costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper in the circumstances.

Dated: Mineola, New York
       May 12, 2008

>                            BADIAK & WILL, LLP
>                            Attorneys for Defendant,
>                            EXPEDITORS INTERNATIONAL
>                            OF WASHINGTON, INC.
>
>                            By: _____
>                               JAMES P. KRAUZLIS (JK-4972)

TO:   NICOLETTI HORNIG & SWEENEY
      Attorneys for Plaintiff
      88 Pine Street
      New York, New York 10005

      SCHINDEL, FARMAN, LIPIOUS,
      GARDNER & RABINOVICH, LLP
      Attorneys for Defendant J&J Logistics, Inc.
      14 Penn Plaza, Suite 500
      New York, New York 10122

Index No.: 08 Civ. 1966 (BAJ)(GWG)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                            )SS.:
COUNTY OF NASSAU    )

**I, Luz M. Webb,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On May 19, 2008, 2008 I served the within EXPEDITORS INT'L OF WASHINGTON, INC.'S ANSWER WITH CROSS-CLAIM AGAINST J&J LOGISTICS, INC. on:

NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff
88 Pine Street
New York, New York 10005

SCHINDEL, FARMAN, LIPIOUS, GARDNER & RABINOVICH, LLP
Attorneys for Defendant J&J Logistics, Inc.
14 Penn Plaza, Suite 500
New York, New York 10122

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

LUZ M. WEBB

Sworn to before me this
12th day of May, 2008

NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6,
1/16/2010