Marc I. Kunkin (MIK4182)
SCHINDEL, FARMAN, LIPSIUS
 GARNDER & RABINOVICH LLP
14 Penn PlJ&Ja, Suite 500
New York, NY 10122
(212) 563-1710
Attorneys for Defendants, J&J Logistics Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| NAVIGATORS MANAGEMENT COMPANY  :<br>a/s/a ACTIVE FRONTIER INTERNATIONAL, :<br>  :<br>  Plaintiffs,  :<br>  :<br>  -against-  :<br>  :<br>EXPEDITORS INTERNATIONAL OF  :<br>WASHINGTON, INC. and J & J LOGISTICS  :<br>INC.,  :<br>  :<br>  Defendants.  :  | Civil Action No.:<br>08 CIV 1966 (BAJ) (GWG)<br><br><br><br><br>**ANSWER TO EXPEDITORS INT'L OF WASHINGTON, INC.'S CROSS-CLAIM AGAINST J&J LOGISTICS, INC.** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendant J&J Logistics, Inc., ("J&J"), by their attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, as for their Answer to the Cross-Claim filed by herein, states upon information and belief as follows:

**AS AND FOR IT'S CROSSCLAIM AGAINST DEFENDANT J&J LOGISITICS**

34. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 34 of the answer with cross-claim.

35. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the answer with cross-claim.

36. Defendant refers all documents to the court for interpretation of their content and meaning. To the extent a further response is required, denies knowledge of information

sufficient to form a belief as to the truth of each and every allegation contained in paragraph 36 of the answer with cross-claim.

37. Defendant refers all documents to the court for interpretation of their content and meaning. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 37 of the answer with cross-claim.

38. Defendant refers all questions of law to the court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 38 of the answer with cross-claim.

39. Defendant refers all documents to the court for interpretation of their content and meaning. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 39 of the answer with cross-claim.

40. Denies each and every allegation contained in paragraph 40 of the answer with cross-claim.

## GENERAL PROVISION

1. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2. Plaintiff and/or Expeditors International of Washington, Inc. ("Expeditors") have failed to state a cause of action against J&J.

## SECOND AFFIRMATIVE DEFENSE

3. The Property that is the subject matter of plaintiff's complaint and Expeditors cross claims was accepted by J&J in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. J&J duly performed the terms and conditions on its part to be performed. J&J claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the Cargo was transported, stored and/or handled.

## THIRD AFFIRMATIVE DEFENSE

4. The liability of J&J, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts of storage, forwarding agreements, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

## FOURTH AFFIRMATIVE DEFENSE

5. The claims against J&J are untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

### FIFTH AFFIRMATIVE DEFENSE

6. The loss and/or damage to the Cargo was caused by the intervening acts of plaintiff, Expeditors, and/or third person(s) which could not be prevented by J&J through the exercise of reasonable care.

### SIXTH AFFIRMATIVE DEFENSE

7. To the extent that plaintiff and/or USI seek recovery for special damages, J&J is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

8. Upon information and belief, plaintiff and/or Expeditors have failed to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

9. The loss at issue was caused by an act or default of the shipper or its agent.

### NINTH AFFIRMATIVE DEFENSE

10. Plaintiff and/ or Expeditors have failed to properly serve J&J, its agents and/or employees.

## TENTH AFFIRMATIVE DEFENSE

11. J&J hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendant J & J Logistics Inc. demands judgment dismissing the cross claim together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: June 6, 2008
       New York, New York

                SCHINDEL, FARMAN, LIPSIUS,
                GARDNER & RABINOVICH, LLP
                Attorneys for Defendants, J&J Logistics Inc.

By: _____
    Marc I. Kunkin (MK4182)
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Our File: 2772.0044

TO:  James P. Krauzlis, Esq.
       Badiak & Will, LLP
       106 3rd Street
       Mineola, NY 11501

       Lawrence C. Glynn , Esq.
       Nicoletti Hornig & Sweeney
       Wall Street Plaza
       88 Pine Street
       New York, NY 10005
       NH&S File No.: 68000291LCG

AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

I, Eve Ayala, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside in Brooklyn, New York. On June 6, 2008, I served the within Answer to Expeditors Int'l of Washington, Inc.'s Cross-Claim Against J&J Logistics, Inc. upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:    James P. Krauzlis, Esq.
         Badiak & Will, LLP
         106 3rd Street
         Mineola, NY 11501

         Lawrence C. Glynn , Esq.
         Nicoletti Hornig & Sweeney
         Wall Street Plaza
         88 Pine Street
         New York, NY 10005

_____
Eve Ayala

Sworn to before me this
6th day of June, 2008

_____
Notary Public

LORIENTON N.A. PALMER
Notary Public, State of New York
No. 02PA4983745
Qualified in Nassau County
Commission Expires July 8, 2011